**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MARIA VERONICA GARCIA, ANA TAPIA OLIVO, TRINIDAD GONZALEZ, CLAUDIO R. GARCIA, CYNTHIA GONZALEZ, HERMELINDA GONZALEZ, JORGE A. GONZALEZ, RAQUEL PINEDA, GEORGINA TAPIA, EDGARDO MOLINA, JOSE CORPUS, and PEDRO LIMON, on behalf of themselves and other individuals similarly situated,**

Plaintiffs,

v.

**VIRATEC THIN FILMS, INC.,**

Defendant.

---

Civil No. 01-1978 (MJD/JGL)

**O R D E R**

APPEARANCES

Diane Odeen, Esq., for Plaintiffs

David Trevor, Esq., and Jennifer Dellmuth, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 24, 2002 on Plaintiffs' Motion to Compel Discovery (Doc. No. 18)[1] and Plaintiffs' Motion to

---

[1] At the motion hearing, Plaintiffs stated that the motion to compel was moot for various reasons, and the motion is therefore denied as moot.

FILED 7-25-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Amend the Complaint (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiffs originally filed suit on October 29, 2001, alleging race and national origin discrimination and reprisal under the Minnesota Human Rights Act and federal law. The complaint was amended three times with the consent and stipulation of Defendant. When Plaintiffs notified Defendants of their intention to file a fourth amended complaint, more than three months after the expiration of the time in which to file amended pleadings, Defendants objected. Plaintiffs filed this motion to amend the complaint. Plaintiffs originally sought to amend the complaint in three ways: (1) to add a class-based claim for violations of the Family Medical Leave Act ("FMLA"), (2) to add as plaintiffs Maria Heredia and Sergio Heredia, and (3) to dismiss Plaintiff Jose Corpus. Defendant does not object to the third request, and the motion is granted in this respect.

Plaintiffs' two other proposed amendments will not be permitted for the following reasons. First, Plaintiffs' motion to amend was filed on July 11, 2002, more than four months after the pretrial scheduling order deadline of March 1, 2002. Plaintiffs' memorandum in support of their motion to amend neither acknowledges the passing of this deadline nor recognizes that a party moving to extend a pretrial deadline must schedule the motion prior to the

expiration of the original deadline except in "extraordinary circumstances." D. Minn. LR 16.3. Even utilizing the less stringent "good cause" standard, however, the Court finds that the amendments should not be allowed. Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983 amendment); Archer Daniels Midland Co. v. Aon Risk Serv., Inc. of Minn., 187 F.R.D. 578, 582 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the moving party, not whether the non-moving party will be prejudiced. See Luigino's, Inc. v. Pezrow Cos., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998). Here, Plaintiffs were not diligent. The Heredias retained Plaintiffs' counsel in late March 2002; however, Plaintiffs waited nearly four months before seeking to add the Heredias as plaintiffs in this action. In addition, the second and third amended complaints included individual claims for FMLA violations, and Plaintiffs do not explain why they could not have included a class-based FMLA claim in one of these complaints. It is noteworthy that Plaintiffs have already amended their complaint three times, the last of which was on April 2, 2002. By that date, the Heredias had retained Plaintiffs' counsel as their counsel and Plaintiffs had information relating to their proposed class-based FMLA claim. Thus, Plaintiffs could have and should have included the proposed amendments in their third amended complaint. For the above reasons, Plaintiffs have not shown that the

scheduling order deadline for motions to amend should be extended. Plaintiffs' motion is consequently untimely and is denied on this basis.

Second, even if Plaintiffs had met the standard to extend the deadline, the Court finds that the amendment should not be permitted under Federal Rule of Civil Procedure 15. Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Courts should usually grant such motions absent good reason for a denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). In the present case, there has been undue delay in seeking the amendments, as discussed above. Plaintiffs have also failed to include the proposed amendments in at least one amended complaint previously allowed. In addition, the Court finds that Defendant would be prejudiced by the increased amount of discovery necessitated by the proposed amendments, much of which could have been incorporated into previous discovery. Nine Plaintiffs have been deposed thus far, and according to both parties, these Plaintiffs would likely have to be re-deposed, and the Heredias would have to be deposed as well. The parties have served and

answered requests for production of documents (including four sets served by Plaintiffs alone), interrogatories, and requests for admissions. While there is presently no deadline for discovery, there is a fast-approaching deadline of September 1, 2002 for Plaintiffs to move for class certification. For the above reasons, even if Plaintiffs had met the requirements of Rule 16(b), they would not be entitled to amend their complaint under Rule 15(a).

Finally, the Court notes that no prejudice will result to the Heredias if they are not named Plaintiffs at this time. If the class certification is granted, the Heredias will be members of the class. If the class certification is denied, the Heredias may bring individual claims. Similarly, Plaintiffs acknowledge that they could bring the class-based FMLA claim as a separate action. While it is questionable why Defendant would prefer to have this claim litigated in a separate case, it is Defendant's right to challenge Plaintiffs' proposed amendment as failing to meet the requirements of Rules 15 and 16.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion to Compel Discovery (Doc. No. 18) is **DENIED AS MOOT**; and

(2) Plaintiffs' Motion to Amend the Complaint (Doc. No. 19) is **GRANTED** as to dismissing Plaintiff Jose Corpus and **DENIED** in all other respects.

Dated: July 25, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge