**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CLAUDIO R. GARCIA, CYNTHIA GONZALEZ, HERMELINDA GONZALEZ, JORGE A. GONZALEZ, RAQUEL PINEDA, GEORGINA TAPIA, and JOSE CORPUS,**

Plaintiffs,

v.

**VIRATEC THIN FILMS, INC.,**

Defendant.

Civil No. 01-1978 (MJD/JGL)

**ORDER**

---

APPEARANCES

James H. Kaster, Esq., and Diane M. Odeen, Esq., for Plaintiffs

David Y. Trevor, Esq., and Judith A. Williams-Killackey, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 1, 2002 on Plaintiffs' Motion to Compel Discovery, to Extend the Deadline to file Motion for Class Certification, and to Consolidate Cases (Doc. No. 33), and on Defendant's Motion for a Protective Order (Doc. No. 38). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED OCT 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD._____
DEPUTY CLERK_____

At the hearing, the parties agreed to a resolution of Defendant's Motion for a Protective Order. Defendant was instructed to submit to the Court a proposed, stipulated order.

With respect to Plaintiffs' motion, the parties agreed at the hearing that the deadline for Plaintiffs to file their motion for class certification would be extended to a date two weeks after the complete production of the discovery ordered herein. This issue is therefore moot. As to the issue of consolidating this case with Civil No. 02-2909, per instruction of the Honorable Michael J. Davis, this issue must be brought before the District Court. Plaintiffs, as the moving party, are instructed to contact Judge Davis's calendar clerk to schedule the motion before that court. The sole remaining issue in Plaintiffs' omnibus motion is the motion to compel discovery.

**Plaintiffs' Requests for Admission**

Plaintiffs seek answers to certain requests for admission, which ask for affirmation that certain statutes require employees to be informed of their rights. In their memorandum, Plaintiffs identify only one request for admission as the basis for their motion: Admission No. 5, which asks Defendant to "[a]dmit that the Family Medical Leave Act requires that employers to [sic] inform employees of their rights under the Act." Defendant properly objected to this request, which sought a response on a pure question of law. Requests for pure admissions of law are not appropriate. See Lakehead

Pipe Line Co. v. Am. Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997) (citations omitted). Contrary to Plaintiffs' assertion, the requests in this case lack any application of law to fact; indeed, there are no facts alleged in the requests. The requests are not worded to determine whether Defendant understood its legal obligations to communicate certain information or whether Defendant acknowledges that it had such obligations.

Furthermore, Defendant also objected to the requests as seeking irrelevant information, and as unduly burdensome because Plaintiffs did not identify the applicable provisions of the statutes. Plaintiffs have not challenged the merits of either of these objections. Plaintiffs' motion to compel is denied as to the requests for admission.

**Computer Discovery**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs seek to compel inspection and copying of "all information contained in any computer kept or principally used by Viratec Thin Films, Inc. to process and/or store electronic data or email relating to Plaintiffs, promotions, postings, pay, evaluations and/or assessments of performance, race, national origin, language, and the Family and Medical Leave Act" as well as "electronic mail or messaging systems used . . . to transmit or receive any information referencing or relating to Plaintiffs, promotions, postings, pay, evaluations and/or

assessments of performance, race, national origin, language, and the Family and Medical Leave Act."

Plaintiffs moved to compel this information before Defendant had responded to the request. Thus, Plaintiffs were unable to specify the deficiency with Defendant's response in their motion papers. However, Defendant's response was due before the motion hearing, and at the hearing, Plaintiffs confirmed that Defendant had not allowed them to inspect and copy the requested information. Thus, it is not premature for the Court to now consider Plaintiffs' motion.

Defendant does not deny that electronic records are subject to the same disclosure as paper records. However, Defendant contends that the requests are cumulative because Plaintiff has already requested and received certain categories of electronic mail in another discovery request. A comparison of the previous discovery request and the Rule 34 request for inspection reveals that the latter request encompasses much more information than the former. Thus, the Rule 34 request is not cumulative, although there may be some overlap. Defendant next argues that the Rule 34 request is overly broad. Again, the Court disagrees. The parameters of information sought by Plaintiffs are clearly set forth in the request. Contrary to Defendants' assertion, Plaintiffs are not seeking to copy the hard drive of every computer at Viratec; the request is targeted to specific information kept in electronic form

and relating to Plaintiffs, promotions, postings, pay, evaluations or assessments of performance, race, national origin, language, and the Family and Medical Leave Act from October 29, 1995 to present.

The Court is sympathetic to Defendant's argument that the request is overly broad in that Plaintiffs are not entitled to copy entire hard drives of computers and should not be allowed to "roam" through Defendant's computer records. Rule 34's application to computer records is limited. For example, a Rule 34 request is proper when "information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form." Fed. R. Civ. P. 34(a) advisory committee's note (1970 amendment). In most cases, the responding party "will have to supply a print-out of computer data." Id. In the present case, Plaintiffs have not shown that the information sought can be obtained only with the use of detection devices or that the data is not usable unless examined through Defendant's computer system. Moreover, even if this were true, it is likely that Defendant would be required only to supply a print-out of the requested data in order for the information to be useful. Finally, Plaintiffs have not persuaded the Court of their need to "check the electronic source itself." Id.

The Court finds that printed versions of the electronic information will satisfy the Rule 34 request. Defendant is ordered to provide the data by October 21, 2002.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery, to Extend the Deadline for Plaintiffs to file their Motion for Class Certification, and to Consolidate Cases (Doc. No. 33) is **GRANTED IN PART** and **DENIED IN PART** as to the motion to compel, and **GRANTED** as to the motion to extend the class certification motion deadline. Defendant must provide the discovery compelled herein by October 21, 2002. The deadline for Plaintiffs to file their motion for class certification is extended to a date two weeks after the complete production of the discovery. Per instruction of the District Court, the motion to consolidate cases is **REFERRED TO THE DISTRICT COURT**.

Dated: October 2, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge